IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EDWARD F. PLASTINO and, ) <br> SECOND AMENDMENT FOUNDATION, ) <br> INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CHRIS KOSTER, in his Official Capacity as ) <br> Attorney General of the State of Missouri; and ) <br> TOM NEER, in his Official Capacity as ) <br> Sheriff of St. Charles County, Missouri, ) <br> ) <br> Defendants. ) <br> ) | Case No. 4:12-cv-01316-CAS |

### SUGGESTIONS IN SUPPORT OF
### DEFENDANT KOSTER'S MOTION TO DISMISS

Defendant Chris Koster, Missouri Attorney General, pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7), hereby requests that this Court dismiss Plaintiffs' Complaint and states in further support as follows:

### Introduction

Plaintiffs Edward F. Plastino ("Plastino") and the Second Amendment Foundation, Inc. ("SAF") challenge Missouri's concealed carry permitting process because only U.S. citizens are qualified to obtain a permit. §571.101.2(1) RSMo.  Plaintiffs claim this is a violation of the Equal Protection Clause of the 14th Amendment Equal and the Second Amendment of the U.S. Constitution, and federal pre-emption of immigration law. Compl. at ¶¶22-28.  However, Plastino does not allege that he applied for a concealed carry permit and was denied, and SAF does not allege that it has members who applied

for a concealed carry permit and were denied, whether for reasons of not being a U.S. citizen or otherwise.  As such, neither party has standing.  *Neighborhood Enterprises, Inc. v. City of St. Louis*, 644 F.3d 728, 734-35 (8th Cir. 2011) (company actually applied for sign permit); *Missouri Protection and Advocacy Services, Inc. v. Carnahan*, 499 F.3d 803, 809-10 (8th Cir. 2007) ("members must otherwise have standing to sue"); *see also Fletcher v. Haas*, 851 F.Supp.2d 287, 291 (D. Mass. 2012)  (SAF does not have standing where failed to allege that member applied for permit and was denied); *Kachalsky v. Cacace*, 817 F.Supp.2d 235, 248 (S.D. N.Y. 2011).

Moreover, Plaintiffs fail to join a necessary party.  The St. Charles County Sheriff is charged with issuing a certificate of qualification for a concealed carry endorsement. §571.101.7 RSMo.  However, the Director of the Missouri Department of Revenue has to verify the certificate of qualification before issuing a new driver's license or nondriver's license with an endorsement.  *Id*.  Simply, if Plastino wants a concealed carry permit, he'll need to join the Director of the Missouri Department of Revenue to ensure full relief.

As such, this cause should be dismissed for failure to state a claim and failure to join a necessary party.

**Argument**

  **I.**  **Plaintiffs' lack standing because Plastino has not applied for a concealed carry permit and SAF does not allege that any of its members have done so.**

Plaintiff Plastino alleges that he is allowed to carry a firearm openly in Missouri,

but cannot obtain a concealed carry permit, and therefore cannot carry one in a concealed manner.  Compl. at ¶10.  Further Plastino alleges that he "would carry a loaded and functional concealed handgun in public for self-defense, but he refrains from doing so because he fears arrest, prosecution, fine, and imprisonment as he understands it is unlawful for a non-citizen to carry a concealed handgun in Missouri."  *Id*. at ¶11.  Nowhere does Plastino allege that he applied for a permit and was denied.  Therefore, at this time, Plastino has not suffered a cognizable injury and has no standing.

"To show Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an 'injury-in-fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision."  *Steger v. Franco, Inc.,* 228 F.3d 889, 892 (8th Cir. 2000)(*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  The injury must be "concrete," not "conjectural" or "hypothetical."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998).  In order to suffer an "injury-in-fact," Plastino is required to perform the condition precedent: apply for a permit.  *Warth v. Seldin*, 422 U.S. 490, 516 (1975) (home builders' association alleged no specific project of any of its members that was precluded by ordinance or enforcement thereof); *T.L.J. v. Webster*, 792 F.2d 734, 739 n. 5 (8th Cir. 1986) (plaintiffs lacked standing to challenge procedures to obtain a bypass to required parental consent for an abortion when they never attempted to obtain the judicial bypass); *Gilles v. Davis*, 427 F.3d 197, 208 (3d Cir. 2005) (holding that campus speaker lacked standing to challenge university's permit policy because the speaker never applied for a permit); *see also Pucket v. Hot Springs School Dist. No. 23-2*, 526 F.3d 1151, 1162

(8th Cir. 2008) (parents needed to have requested busing and been denied before having standing); *Neighborhood Enterprises*, 644 F.3d at 734-35 (company actually applied for sign permit and therefore had standing).[1]  Specifically as to whether an individual has standing to challenge a concealed carry permit law, at least one Court held that the individuals had standing because they applied for a permit and were denied. *Kachalsky*, 817 F.Supp.2d at 248.

SAF lacks standing for the same reason—they have not alleged that any one of their members has applied for a permit and been denied.  "An association has standing to bring suit on behalf of its members if '(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'"  *Missouri Protection and Advocacy Services, Inc. v. Carnahan*, 499 F.3d 803, 809 (8th Cir. 2007) (*quoting Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)).

In *Fletcher*, the Massachusetts District Court addressed this precise issue with this precise party.  851 F.Supp.2d at 291.  The Court held that SAF did not have standing because it failed to establish that at least one member would have had standing to sue as an individual.

---

[1] Plaintiff may have standing even if he has failed to take steps to satisfy the precondition if the attempt would have been futile. *See Sporhase v. Nebraska, ex rel Douglas*, 458 U.S. 941, 944 n. 2 (1982). Notwithstanding how clear §571.101.2(1) RSMo supposedly is, Plaintiff Plastino does not allege that he is an ordinary permanent resident alien. He alleges instead that he is a "North American citizen" pursuant to the 1952 Immigration and Naturalization Act. Compl. at ¶8. Thus, it is possible that Defendant Neer may decide that Plastino meets the requirements of the concealed carry law. Since that is possible, it is necessary for Plastino to apply for the permit and be denied. Assuming *arguendo* that another Plaintiff might be able to establish futility, Plastino cannot.

4

> Neither SAF nor CSA has identified a *single* member who sought to obtain a license to carry a firearm in Massachusetts, let alone was denied…Instead, both organizations allege in a conclusory fashion that their members include "lawfully admitted aliens resident in the Commonwealth…" Critically, SAF and CSA have failed to allege that any of their members who are lawfully admitted aliens "intend to purchase firearms domestically in violation of the laws at issue."

*Id.* (internal citations omitted).  Much as the Missouri statute seemingly bars all aliens from obtaining concealed carry permits, it is important to note that the Massachusetts law in *Fletcher* denied to all aliens the right to obtain firearm identification cards or licenses to carry, restrictions as strict as the limitation herein.  *Id*.

Similarly, in *Kachalsky*, the New York District Court found SAF to lack standing as an organizational plaintiff in a suit challenging the constitutionality of a concealed handgun permit law.  817 F.Supp.2d at 251.  SAF failed to satisfy the first prong of the organizational/associational standing test—alleging that its members would have standing to sue in their own right.  *Id*.  SAF failed to allege that any of its members applied for and were denied a permit to carry a concealed handgun.  *Id*.  The Court found that SAF alleged in a conclusory fashion that defendants had enforced the challenged laws against SAF's membership but had "neither identified particular members who [had] standing, nor specified how they would have standing to sue in their own right." *Id*.

The SAF alleges that its membership "includes lawfully admitted aliens residing in

5

Missouri…" and that "[m]embers of SAF who are legal residents yet non-citizens would carry loaded and functional concealed handguns in public for self-defense, but refrain from doing so because they understand it is impossible for a non-citizen to obtain a concealed carry permit, and thus it is unlawful for a non-citizen to carry a concealed handgun in Missouri and fear arrest, prosecution, fine and imprisonment."  Compl. at ¶¶12-13.  Once again, SAF fails to allege that any one of its members would have standing by him/herself.  The speculation regarding whether a member "would carry" a concealed firearm is insufficient to convey standing on the organization.

The *Fletcher* and *Kachalsky* analyses holds and neither SAF nor Plastino have standing.

## II.     The Director of the Missouri Department of Revenue is a necessary party to this action.

The Director of the Missouri Department of Revenue has responsibility for the final step in issuing a driver's/nondriver's license with a concealed carry endorsement.  §571.101.7 RSMo.  Fed. R. Civ. P. 19(a)(1) states that a required party is one where "in that person's absence, the court cannot accord complete relief among existing parties."  Plastino wants a concealed carry permit, not just the "certificate of qualification" issued by the sheriff.  §571.101.6 RSMo.  That being the case, the Director of the Department of Revenue is a necessary party.

If the Director's role were purely ministerial, he might not be a necessary party.  But the Director has to verify the certificate of qualification and completion of a driver's license or nondriver's license application.  §571.101.7 RSMo.  Thus, the Director has

6

some role in verifying that the applicant is a U.S. citizen pursuant to §571.101.2(1) RSMo.  Put differently, if the Director does not verify the certificate of qualification, Plastino does not get his concealed carry permit.  As such, the Director is a necessary party.

WHEREFORE Defendant Chris Koster requests that this Court dismiss this Complaint for failure to state a claim and failure to join a necessary party, and for such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    **CHRIS KOSTER**
    Attorney General

    By:  /s/ *Andrew M. Hartnett*
        Andrew M. Hartnett
        Mo. Bar. No. 60034
        Chief of Staff
        John R. Phillips, Mo. Bar No. 55159
        Assistant Attorney General
        P.O. Box 899
        Jefferson City, MO  65102
        (573) 751-8807
        FAX  (573) 751-2203
        andrew.hartnett@ago.mo.gov
        john.phillips@ago.mo.gov

    ATTORNEYS FOR DEFENDANT
    CHRIS KOSTER

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of September, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and also mailed by United States mail, postage prepaid, to:

David G. Sigale
Law Firm of David G. Sigale, P.C.
739 Roosevelt Rd., Ste. 304
Glen Ellyn, IL 60137

Matthew T. Singer
Law Office of Matthew T. Singer
6963 Waterman
St. Louis, MO 63130

    /s/ *Andrew M. Hartnett*