UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EDWARD F. PLASTINO and<br>SECOND AMENDMENT FOUNDATION, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRIS KOSTER, in his Official Capacity as<br>Attorney General of the State of Missouri; and<br>TOM NEER, in his Official Capacity as<br>Sheriff of St. Charles County, Missouri,<br><br>Defendants. | Case No. 4:12-CV-1316 |

## AMENDED COMPLAINT

Plaintiffs, EDWARD F. PLASTINO (hereinafter "PLASTINO") and SECOND AMENDMENT FOUNDATION, INC. (hereinafter "SAF"), as and for their Amended Complaint against Defendants CHRIS KOSTER, in his Official Capacity as Attorney General of the State of Missouri (hereinafter "KOSTER"), and TOM NEER, in his Official Capacity as Sheriff of St. Charles County, Missouri (hereinafter "NEER"), allege as follows:

### INTRODUCTION

1. This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks equitable, declaratory, and injunctive relief challenging the State of Missouri's prohibition on otherwise qualified non-U.S. citizens who legally reside in Missouri from obtaining a concealed carry permit, pursuant to Revised Statutes of Missouri § 571.101.2(1).

2. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783,

2797 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. ___, 130 S. Ct. 3020, 3026 (2010).

3.  However, the laws of Missouri completely prohibit resident legal aliens from the concealed carry of guns, in public, for the purpose of self-defense.  In Missouri, only citizens may have the benefit of an armed defense by concealed carry.

4.  Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment, and the Fourteenth Amendment's equal protection clause, renders the State's ban on non-citizens obtaining a concealed carry permit, unconstitutional.  As the Plaintiffs only seek to be treated the same as law-abiding citizens, the Second Amendment renders a *ban* such as that challenged in this action, impermissible.

## JUISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Defendants as they execute, administer and enforce the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

6.  This Court has personal jurisdiction over each of the Defendants because, *inter alia*, they acted under the color of laws, policies, customs, and/or practices of the State of Missouri and/or within the geographic confines of the State of Missouri.

7.  Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants execute, administer, and enforce the complained-of laws against Plaintiffs in this District, and because the events and omissions giving rise to this action are harming Plaintiffs in this District, and the State laws were enacted in the State capital in this District.

**PLAINTIFFS**

8. Plaintiff PLASTINO is a citizen of Canada residing in St. Charles, St. Charles County, Missouri, and who has done so since 2006. PLASTINO is also a Status Indian, being a native Canadian and at least 50% Chippewa Indian. According to the Jay Treaty of 1794, as affirmed by section 289 of the 1952 Immigration and Naturalization Act, PLASTINO is considered a North American citizen, which entitles him to live and work in the United States. PLASTINO entered the United States pursuant to the certification of the Department of Indian Affairs of Northern Canada in approximately 1995 for employment and school, and commuted back and forth across the border.

9. After that, except for a one year period from 2001-2002 working in Canada (commuting to Niagara Falls, New York for the last six months of that period), PLASTINO has resided in the United States since 1999. In 2006, after Hurricane Katrina, PLASTINO was relocated by his employer from Biloxi, Mississippi to St. Louis. He moved to St. Charles, Missouri at that time, and has resided there ever since.

10. PLASTINO is allowed to carry a firearm openly in Missouri, except for locations where doing such is illegal, but does not always wish to do so, and he is prohibited by § 571.101.2(1) RSMo from obtaining a concealed carry permit, and thus carrying a handgun in a concealed manner for self-defense.

11. PLASTINO applied for a concealed carry permit with the St. Charles County Sheriff's Department, but was denied by Defendant NEER on or about June 1, 2012, on the explicit grounds that he is not a United States citizen.

12. PLASTINO would carry a loaded and functional concealed handgun in public for self-defense, but he refrains from doing so because he fears arrest, prosecution, fine, and

imprisonment as he understands it is unlawful for a non-citizen to carry a concealed handgun in Missouri.

13.     SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes lawfully admitted aliens residing in Missouri. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

14.     Members of SAF who are legal residents yet non-citizens would carry loaded and functional concealed handguns in public for self-defense, but refrain from doing so because they understand it is impossible for a non-citizen to obtain a concealed carry permit, and thus it is unlawful for a non-citizen to carry a concealed handgun in Missouri and fear arrest, prosecution, fine, and imprisonment.

15.     PLASTINO is a member of SAF.

## DEFENDANTS

16.     Defendant KOSTER is the Attorney General of the State of Missouri, and, in his official capacity as such, is responsible for executing and administering the state of Missouri's laws, customs, practices, and policies, including § 571.101.2(1) RSMo. In that capacity, KOSTER is presently enforcing the laws, customs, practices and policies complained of in this action, and is sued in his official capacity.

17.     Defendant NEER is the Sheriff of St. Charles County, Missouri. In NEER's official capacity, he is responsible for enforcing certain of Missouri's laws, customs, practices, and policies, specifically including § 571.101.2(1) RSMo. In that capacity, NEER is presently enforcing the laws, customs, practices and policies complained of in this action. Specifically,

NEER is the authority charged with processing and approving concealed carry endorsement applications in St. Charles County, Missouri, and issuing the Certificate of Qualification for endorsement issuance.  Even though the actual ministerial act of the issuance of the concealed carry endorsement falls to the Missouri Department of Revenue, the Department of Revenue performs no independent evaluation or review of a Certificate of Qualification, and only confirms the applicant possesses the Certificate when he or she arrives to have the endorsement issued as part of the holder's driver's license or State ID card.  NEER is sued in his official capacity.

## **CONSTITUTIONAL PROVISIONS**

18. The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

19. The Second Amendment "is fully applicable against the States." *McDonald v. City of Chicago*, 561 U.S. ___, 130 S. Ct. 3020, 3026 (2010).

## **STATE LAW**

20. § 571.101 RSMo provides in pertinent part:

> 2. A certificate of qualification for a concealed carry endorsement issued pursuant to subsection 7 of this section shall be issued by the sheriff or his or her designee of the county or city in which the applicant resides, if the applicant:
>
>> (1) Is at least twenty-one years of age, is a citizen of the United States . . .

21. § 571.030.1 RSMo provides in pertinent part:

> "A person commits the crime of unlawful use of weapons if he or she knowingly:

(1) Carries concealed upon or about his or her person a knife, a firearm, a blackjack or any other weapon readily capable of lethal use . . . ."

22. § 571.030.7 RSMo provides in relevant part: "Unlawful use of weapons is a class D felony . . . ."

23. § 558.011 RSMo provides in relevant part:

1. The authorized terms of imprisonment, including both prison and conditional release terms, are:

. . .

(4) For a class D felony, a term of years not to exceed four years;

## COUNT I – VIOLATION OF EQUAL PROTECTION
## (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)

24. Paragraphs 1 through 23 are realleged and incorporated herein by reference.

25. The citizenship requirements contained in § 571.101.2(1) RSMo and all other Missouri statutory language, which restrict lawfully admitted aliens the rights and privileges of carrying concealed firearms based on citizenship, on their face and as applied, are unconstitutional denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT II – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
## (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

26. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27. The citizenship requirements contained in § 571.101.2(1) RSMo, and all other Missouri statutory language, which restrict lawfully admitted aliens the rights and privileges of carrying concealed firearms based on citizenship, on their face and as applied, violate the Plaintiffs' individual right to possess a handgun as secured by the Second Amendment to the United States Constitution.

## COUNT III – FEDERAL PREEMPTION

28. Paragraphs 1 through 27 are realleged and incorporated herein by reference.

29. The federal government has, through its enumerated and implied constitutional powers, the exclusive authority over United States immigration policy.

30. § 571.101.2(1) RSMo is an effort by the Defendants to regulate immigration by denying non-citizens their Second and Fourteenth Amendment rights.  As such, § 571.101.2(1) RSMo is preempted by federal immigration law, is unconstitutional, and is invalid.

## FOR ALL COUNTS

31. Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32. A controversy exists as to whether the citizenship requirements contained in § 571.101.2(1) RSMo is unconstitutional.

33. A declaration from this Court would settle this issue.

34. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

35. The Plaintiffs seek a declaration that the citizenship requirements contained in § 571.101.2(1) RSMo is unconstitutional.

36. In the absence of an injunction, the citizenship requirements of § 571.101.2(1) RSMo would continue to be enforced and would prevent PLASTINO, and SAF's lawfully admitted alien members residing in Missouri, from (1) successfully obtaining a concealed carry permit and/or (2) legally carrying a handgun in a concealed manner that any otherwise-qualified citizens may possess and carry concealed in public.

37. The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

38. There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow PLASTINO, and SAF's lawfully admitted alien members the opportunity to obtain a permit to carry a handgun in a concealed manner for self-defense.

WHEREFORE, Plaintiffs pray that this Honorable Court:

1. Issue preliminary and permanent injunctions (a) enjoining Defendant Attorney General CHRIS KOSTER and St. Charles County Sheriff TOM NEER from enforcing the United States citizenship requirement of § 571.101.2(1) RSMo against the Plaintiffs and/or their members; and

2. Enter the following:

   (a) A declaratory judgment that § 571.101.2(1) RSMo, and all other Missouri statutory language which restricts lawfully admitted aliens firearms rights and privileges based on citizenship, are null and void because they (1) violate the equal protection of the laws guaranteed by the Fourteenth Amendment to the United State Constitution; and (ii) infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution; and

   (b) Issue preliminary and permanent injunctions against the Defendants and their political subdivisions, including officers, agents, and employees thereof, from enforcement of § 571.101.2(1) RSMo and all other Missouri statutory language, which restrict lawfully admitted aliens firearms rights and privileges based on citizenship.

3. Award Plaintiffs' attorney's fees and costs pursuant to 42 U.S.C. § 1988.

    4.       Grant such other and further relief, in law and equity, as the Court deems just and proper.

Dated:  October 10, 2012                            Respectfully submitted,

                                              By:       /s/ David G. Sigale
                                                           David G. Sigale

Matthew T. Singer, Esq. (MO ED Fed No.5262301)
THE LAW OFFICE OF MATTHEW T. SINGER
6963 Waterman Avenue
St. Louis, MO 63130
Tel:  (314) 272-3388
Fax:  (877) 816-7884
MTSinger@MTSinger.com

LEAD COUNSEL:
David G. Sigale, Esq. (Atty. ID# 6238103 (IL))
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, IL 60137
Tel:  630.452.4547
Fax:  630.596.4445
dsigale@sigalelaw.com
Admitted *Pro hac vice*

*Attorneys for Plaintiff*