IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EDWARD F. PLASTINO and, <br> SECOND AMENDMENT FOUNDATION, <br> INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHRIS KOSTER, in his Official Capacity as <br> Attorney General of the State of Missouri; <br> and TOM NEER, in his Official Capacity as <br> Sheriff of St. Charles County, Missouri, <br><br> Defendants. | Case No. 4:12-cv-01316-CAS |

**DEFENDANT CHRIS KOSTER'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Chris Koster ("Koster") hereby answers plaintiffs' amended complaint as follows:

**INTRODUCTION**

1. Koster states that the allegations in this paragraph contain legal conclusions and introductory statements to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

2. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

3. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required,

Koster denies the allegations in this paragraph.

4. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

## JURISDICTION AND VENUE

5. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

6. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

7. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

## PLAINTIFFS

8. Koster states that he has insufficient information or knowledge to ascertain the truth or falsity of the allegations in this paragraph and therefore denies the same. Further, Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

9. Koster states that he has insufficient information or knowledge to ascertain the truth or falsity of the allegations in this paragraph and therefore

denies the same.

      10.     Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

      11.     Koster states that he has insufficient information or knowledge to ascertain the truth or falsity of the allegations in this paragraph and therefore denies the same.

      12.     Koster states that he has insufficient information or knowledge to ascertain the truth or falsity of the allegations in this paragraph and therefore denies the same. Further, Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

      13.     Koster states that he has insufficient information or knowledge to ascertain the truth or falsity of the allegations in this paragraph and therefore denies the same.

      14.     Koster states that he has insufficient information or knowledge to ascertain the truth or falsity of the allegations in this paragraph and therefore denies the same.

      15.     Koster states that he has insufficient information or knowledge to ascertain the truth or falsity of the allegations in this paragraph and therefore denies the same.

## DEFENDANTS

16. Koster admits that he is the Attorney General of the State of Missouri. Koster states that the remaining allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

17. Koster states that he has insufficient information or knowledge to ascertain the truth or falsity of the allegations in this paragraph and therefore denies the same. Further, Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

## CONSTITUTIONAL PROVISIONS

18. Koster states that the allegations in this paragraph contain legal conclusions or quotes to the U.S. Constitution, to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph to the extent they are inconsistent with the U.S. Constitution.

19. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

## STATE LAW

20. Koster states that the allegations in this paragraph contain legal conclusions or quotes to Missouri statutes, to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph to the

4

extent they are inconsistent with Missouri statutes.

21. Koster states that the allegations in this paragraph contain legal conclusions or quotes to Missouri statutes, to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph to the extent they are inconsistent with Missouri statutes.

22. Koster states that the allegations in this paragraph contain legal conclusions or quotes to Missouri statutes, to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph to the extent they are inconsistent with Missouri statutes.

23. Koster states that the allegations in this paragraph contain legal conclusions or quotes to Missouri statutes, to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph to the extent they are inconsistent with Missouri statutes.

## **COUNT I – VIOLATION OF EQUAL PROTECTION (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)**

24. Koster incorporates by reference his responses to paragraphs 1 through 23 as if set forth fully herein.

25. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

## COUNT II – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

26. Koster incorporates by reference his responses to paragraphs 1 through 25 as if set forth fully herein.

27. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Koster denies the allegations in this paragraph.

## COUNT III – FEDERAL PREEMPTION

28. Koster incorporates by reference his responses to paragraphs 1 through 27 as if set forth fully herein.

29.  Koster states that the allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Koster denies the allegations in this paragraph.

30. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Koster denies the allegations in this paragraph.

## FOR ALL COUNTS

31. Koster incorporates by reference his responses to paragraphs 1 through 30 as if set forth fully herein.

32. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Koster denies the allegations in this paragraph.

33. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

34. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

35. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

36. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

37. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

38. Koster states that the allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, Koster denies the allegations in this paragraph.

## **Affirmative and Other Defenses**

1. Plaintiff has failed to state a claim upon which relief can be granted. This suit should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

2.      The Second Amendment does not guarantee a right to a concealed carry permit.

3.      The federal government has not pre-empted state regulation of the concealed carry of firearms.

4.      Plaintiff Plastino does not have standing to challenge the Missouri law because he did not exhaust his administrative remedies.

5.      Plaintiff Second Amendment Foundation, Inc. does not have organizational standing.

6.      Plaintiff's claims are time-barred by all applicable statutes of limitations.

7.      Relief is prohibited by the Eleventh Amendment of the United States Constitution to the extent plaintiff seeks monetary damages against defendants in their official capacity.

8.      Koster is protected from liability and suit by the doctrine of qualified immunity.

9.      Koster is protected from liability by the doctrine of sovereign immunity.

10.     Koster is protected from liability by the doctrine of official immunity.

11.     In further defense, Koster incorporates by reference each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Koster specifically reserves the right to amend his answer to include affirmative defenses at any time they are discovered.

WHEREFORE, Koster requests this Court dismiss this action with prejudice and for such relief this Court deems proper.

Respectfully submitted,

**CHRIS KOSTER**
Attorney General


By:  /s/ *Andrew M. Hartnett*
Andrew M. Hartnett, Mo. Bar. #60034
Chief of Staff
John R. Phillips, Mo. Bar #55159
Assistant Attorney General
P.O. Box 899
Jefferson City, MO  65102
(573) 751-8807
(573) 751-2203 (Facsimile)
andrew.hartnett@ago.mo.gov
john.phillips@ago.mo.gov

ATTORNEYS FOR DEFENDANT KOSTER

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of November, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and also mailed by United States mail, postage prepaid, to the following people:

David G. Sigale
Law Firm of David G. Sigale, P.C.
739 Roosevelt Rd., Ste. 304
Glen Ellyn, IL  60137

Matthew T. Singer
Law Office of Matthew T. Singer
6963 Waterman
St. Louis, MO  63130

　　　　　　　　　　　　　　　　　　　　　　　/s/ *Andrew M. Hartnett*