IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EDWARD F. PLASTINO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHRIS KOSTER, etc., et al., <br><br> Defendants. | Case No. 4:12-CV-01316-CAS |

**DEFENDANT TOM NEER'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW Defendant Tom Neer in his official capacity as Sheriff of St. Charles County, Missouri, and in opposition to Plaintiffs' Motion for Preliminary Injunction, Doc. 26, states as follows:

**I.  BACKGROUND**

Plaintiff Edward Plastino is a Canadian citizen and Status Indian under the Jay Treaty of 1794 and Section 289 of the Immigration and Naturalization Act of 1952, who has resided primarily in the United States since 1999 and in St. Charles County, Missouri, since 2006.  See Amended Complaint, Doc. 19 at ¶¶ 9-10; Plastino Affidavit, Doc. 27-1 at ¶¶ 1-2.  Plaintiff Second Amendment Foundation, Inc., ("SAF") is a "non-profit membership organization incorporated under the laws of" the State of Washington.  Doc. 19 at ¶ 13; Affidavit of Julianne Versnel, Doc. 27-2 at ¶ 1.  SAF has members in Missouri and its purposes include firearm possession and ownership education, research and legal action.  Versnel Affidavit, Doc. 27-2 at ¶ 2.

- 2 -

Missouri law generally allows Plastino to carry a firearm openly.  See Doc. 27-1 at ¶ 4. Plastino applied to Defendant St. Charles County Sheriff Tom Neer's department for a concealed carry firearm endorsement pursuant to Section 571.101, RSMo, but was denied said endorsement on June 1, 2012, on the explicit basis that he is not a United States citizen as required by Section 571.101.2(1), RSMo.  See id.; Doc. 19 at ¶ 11; Defendant Neer's Answer and Affirmative Defenses, Doc. 20 at ¶ 11.

Plaintiffs seek a preliminary injunction prohibiting Defendants from enforcing the United States citizenship requirement of Section 571.101.2(1), RSMo, against Plastino and/or SAF members.  Doc. 26 at ¶ 1.  Plaintiffs also seek a preliminary injunction against Defendants "from enforcing any other sections of the Missouri Statutes which restrict lawfully admitted aliens, including Plaintiffs and their members, [sic] firearms rights and privileges based on citizenship."  Doc. 26 at ¶ 2.

## II.  STANDARD OF REVIEW

When deciding to issue a preliminary injunction, four factors must be considered: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."  Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981) (en banc).  The court must consider these factors and balance the equities to determine if "justice requires the court to intervene to preserve the status quo until the merits are determined."  Dataphase, 640 F.2d at 113.

## III.  ARGUMENT

### A.   PLAINTIFFS CANNOT DEMONSTRATE A SUFFICIENT SHOWING OF LIKELIHOOD OF SUCCESS ON THE MERITS

- 2 -

- 3 -

**1.     Plaintiff Second Amendment Foundation, Inc., Lacks Associational Standing.**

SAF claims that it has "individual members and supporters who are adversely impacted by § 571.101.2(1) RSMo," and that "SAF members who are legal aliens residing within Missouri would obtain concealed carry permits and carry concealed firearms for their own defense, but they refrain from carrying concealed firearms for fear of arrest, prosecution, fine and incarceration." Doc. 27-2 at ¶¶ 3-4. See Doc. 19 at ¶¶ 14 and 36. Plastino self-identifies as an SAF member, see Doc. 27-1 at ¶ 3; Doc. 19 at ¶ 15, but SAF itself does not name any member who is a legal alien much less one who has applied for and been denied a concealed carry endorsement.

> The Supreme Court has recognized that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

Terre du Lac Ass'n, Inc. v. Terre du Lac, Inc., 772 F.2d 467, 470 (8th Cir. 1985) citing Hunt v. Washington Apple Adver. Comm'n, 432 U.S. 333, 343 (1977). All three associational standing requirements must be met. See id. (citation omitted).

In this case SAF cannot satisfy the third requirement because all Missouri applicants for concealed carry endorsements must meet numerous requirements in addition to United States citizenship. Determining whether applicants meet these other requirements requires individual participation in the application process. Applicants also must be at least twenty-one years of age, be Missouri residents or be armed forces members stationed in Missouri or their spouses, be free

of felony convictions or guilty pleas, be free of misdemeanor convictions or guilty pleas to certain weapons offenses, be free of certain convictions involving intoxicants, not be a fugitive or currently charged with certain crimes, not have been dishonorably discharged from the armed forces, not have engaged in a pattern of behavior documented in public records leading the sheriff to a reasonable belief that the applicant is a danger, not have been adjudged mentally incompetent, have completed firearms safety training, and not be the respondent to an effective full order of protection. See generally §§ 571.101.2(1)-(7), (10), RSMo.

Plastino can meet the standing requirement because he has been denied a concealed carry endorsement. SAF, however, cannot as it has not identified a single member who sought to obtain a Missouri endorsement, let alone was denied. See Fletcher v. Haas, 851 F.Supp.2d 287, 292 (D.Mass. 2012) (SAF lacks associational standing on behalf of lawfully admitted aliens to challenge Massachusetts firearms laws). Lacking associational standing, SAF cannot sufficiently demonstrate a likelihood of success on the merits of its claims and therefore fails the standard for issuance of a preliminary injunction.

2. **Plaintiff Plastino Has No Second Amendment Right to a Concealed Carry Endorsement.**

Plastino characterizes the denial of his application for a Missouri concealed carry endorsement, in part, as an infringement of his Second Amendment right to keep and bear arms. See Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction, Doc. 27 at pp. 4, 9-13. The Second Amendment, however, "is not infringed by laws prohibiting the carrying of concealed weapons." Robertson v. Baldwin, 165 U.S. 275, 281-82 (1897) (dictum). See District of Columbia v. Heller, 554 U.S. 570, 626 (2008) (noting with approval that "the majority of the 19th-century courts to consider the question held that

prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues").

As the Second Amendment does not create a right to carry concealed weapons, denial of a permit for a concealed weapon cannot violate the Second Amendment.  Dorr v. Weber, 741 F.Supp.2d 993 (N.D. Iowa 2010).  Lacking a Second Amendment right to a concealed carry endorsement, Plastino cannot sufficiently demonstrate a likelihood of success on the merits of his Second Amendment claim, which therefore fails the standard for issuance of a preliminary injunction.

### 3. Plaintiff Plastino Has Not Proven that Restricting a Concealed Carry Endorsement to United States Citizens Is Arbitrary and Cannot Advance a Legitimate Governmental Interest.

Plastino also characterizes the denial of his application for a Missouri concealed carry endorsement as violating his right to Equal Protection under the Fourteenth Amendment.  See Doc. 27 at pp. 6-8.  To the extent that his Equal Protection argument is not intertwined with his Second Amendment argument addressed above, Plastino has not carried his burden of proving how restricting concealed carry endorsements to United States citizens, while at the same time allowing legal aliens such as himself to keep and bear all other firearms openly, is arbitrary and cannot conceivably advance a legitimate governmental interest.

Plastino acknowledges that he is "allowed to carry a firearm openly in Missouri, except for locations where doing such is illegal …."  Doc. 27-1 at ¶ 4.  See Doc. 27 at pp. 5-6.  Plastino's ability to keep and bear arms within Missouri is the same as any other Missouri resident, with the sole exception of a concealable firearm, which is defined as "any firearm with a barrel less than sixteen inches in length, measured from the face of the bolt or standing breech."  § 571.010(4), RSMo.  Plastino does not, however, separate his Second Amendment

arguments from his Fourteenth Amendment argument other than generally citing alienage cases, and therefore does not explain what level of judicial scrutiny would be appropriate to his Equal Protection claim, much less prove how Missouri's citizenship requirement is arbitrary and unrelated to a legitimate governmental interest. Plastino therefore cannot sufficiently demonstrate a likelihood of success on the merits of his Fourteenth Amendment claim.

### B. PLAINTIFFS CANNOT DEMONSTRATE IRREPARABLE HARM

Plaintiffs argue that a preliminary injunction is necessary to save them from irreparable harm and that the violation of their right to keep and bear arms for even minimal periods of time constitutes irreparable injury. See Doc. 27 at pp. 9-10. However, as argued above, Plaintiffs have not shown a substantial likelihood of success on the merits. Nor have Plaintiffs shown how Plastino or the SAF legal alien members' inability to obtain a concealed carry endorsement affects their ability to defend themselves through the use of openly carried firearms, or firearms legally kept within their residence.

The failure to demonstrate irreparable harm is "by itself, a sufficient ground upon which to deny a preliminary injunction[.]" Gelco Corp. v. Coniston Partners, 811 F.2d 414, 420 (8th Cir. 1987). "The threshold inquiry is whether the movant has shown the threat of irreparable injury." Id. Moreover, Plaintiffs' professed fear of prosecution should they choose to defy state concealed carry endorsement requirements yet carry concealed firearms, see Doc. 27-1 at ¶ 6; Doc. 27-2 at ¶ 4, does not constitute a threat of irreparable harm. Although a plaintiff need not expose himself to actual arrest or prosecution before challenging the constitutionality of a statute, the mere prospect of criminal prosecution does not constitute irreparable harm for purposes of a motion for preliminary injunction. Munson v. Gilliam, 543 F.2d 48, 54 (8th Cir. 1976). Plaintiffs are free to continue to litigate the

constitutionality of Missouri's concealed carry endorsement citizenship requirement regardless of whether Plastino or SAF members comply with its registration requirements and regardless of whether this Court grants or denies their motion for preliminary injunction.

For all the reasons stated herein, this Court should deny Plaintiffs' Motion for Preliminary Injunction as Plaintiffs satisfied none of the factors this Court balances when considering such a motion.

**OFFICE OF THE ST. CHARLES COUNTY COUNSELOR**

/s/ Robert E. Hoeynck
Robert E. Hoeynck #39435MO

/s/ Toby J. Dible
Toby J. Dible #62727MO

Assistant County Counselors
100 North Third Street, Suite 216
St. Charles, Missouri 63301
Tel:  636-949-7540
Fax:  636-949-7541

RHoeynck@sccmo.org
TDible@sccmo.org

*Attorneys for Defendant Tom Neer*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2013, a true copy of the foregoing was delivered through the Court's electronic filing system, according to the information available on the system at the time of filing, or sent directly by e-mail, to the following:

David G. Sigale
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Road, Suite 304
Glen Ellyn, Illinois 60137
dsigale@sigalelaw.com

Matthew T. Singer
THE LAW OFFICE OF MATTHEW T. SINGER
6963 Waterman Avenue
St. Louis, Missouri 63130
MTSinger@MTSinger.com

*Attorneys for Plaintiffs*


Andrew M. Hartnett, Chief of Staff
P.O. Box 899
Jefferson City, Missouri 65102
andrew.hartnett@ago.mo.gov

*Attorney for Defendant Chris Koster*


                                                    /s/ Robert E. Hoeynck
                                                    Robert E. Hoeynck